THE STATE v. JAMES A. NICHOLS, Appellant.

Division Two, November 24, 1914.

1. EXHIBITING DANGEROUS WEAPON: "Exhibit:" Instruc-
tions.   The word "exhibit" as used in an instruction defining
the offense of exhibiting a dangerous weapon in a rude, angry,
and threatening manner is not of technical import; it is a plain
English word that needs no definition.

262Mo.8

2. ————: Evidence: Question for Jury.    Evidence in a trial for exhibiting a pistol in a rude, angry, and threatening manner in the presence of others *held* to justify a submission of the case to the jury.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*J. L. Fort* and *H. S. Green* for appellant.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

WILLIAMS, C.—Upon an information charging him, under section 4496, Revised Statutes 1909, with the crime of having exhibited a dangerous weapon, to-wit, a pistol, in a rude, angry, and threatening manner in the presence of two persons named in the information, defendant was tried in the circuit court of Stoddard county, Missouri, found guilty, and his punishment assessed at a fine of $100. Defendant duly perfected an appeal to this court.

Upon the part of the State the evidence tended to establish the following facts. Prosecuting witness Elsworth claimed that defendant owed him for labor. Accompanied by one Birchfield, Elsworth called upon defendant and requested that he pay the debt. After some controversy over the matter, defendant, while not denying the debt, said, "I will not pay you." Thereupon prosecuting witness, becoming angry, took a few steps toward defendant and defendant pulled from his shirt bosom a pistol and pointed it in the face of the prosecuting witness, causing him to stop. At this time Birchfield, who was seated a few feet away, on the other side of a fence, arose, and as he did so defendant pointed the pistol at him. During the time he was exhibiting the pistol in the above man-

ner defendant said, "I will kill both of you G— d— s— of b—s." After that the defendant walked away and there was no further difficulty. The evidence further tended to show that defendant offered prosecuting witness $50 if he would come before the court and swear that he had made a false affidavit in causing defendant's arrest; and that defendant had made attempts to have the prosecuting witness leave the county and State until the term of court was over. The evidence offered on the part of the defendant tended to prove that he did not have a pistol with him at the time of the controversy and that he did not exhibit a pistol at that time and place and that he did not use the oath above mentioned. A complete abstract of the record has been filed in this court but appellant has failed to favor us with a brief in the case. Under our statutory duty, however, we will proceed to examine the record and discuss the points properly raised by the motion for new trial.

I.   The defendant requested the court to further instruct the jury by defining the word "exhibit" as used in the instruction which required the jury to find that defendant "did wilfully and felon-

**"Exhibit:" Instructions.** iously in the presence of James Birchfield and George Elsworth, *exhibit* in a rude, angry, and threatening manner, a certain dangerous and deadly weapon, to-wit, a pistol," etc. The court refused the request and defendant saved an exception and in his motion for new trial assigned the same as error. The court did not err in this regard. "Exhibit" as used in the instruction is a word, not of technical import, but one of plain English, well understood and commonly used. Such words need not be defined. [State v. Sattley, 131 Mo. 464, l. c. 491.]

II.   It is contended that the evidence fails to prove the venue of the alleged offense. A review of the evi-

**Venue.** dence does not justify this assignment of error as will at once appear from the following quoted portion of the testimony of one of the State's witnesses, to wit:

"Q. Where did this [referring to the alleged offense] take place, Mr. Elsworth? A. It took place near where I were living on Mr. Nichols's farm.

"Q. What State and county? A. *State of Missouri; County of Stoddard.*"

III. It is further contended that the court erred in giving each of the instructions given on behalf of the State. No useful purpose would be subserved in a lengthy discussion of the respective instructions. We have carefully examined the same and find them to be free from error.

**Instructions.**

IV. It is contended that the evidence is insufficient to support the verdict. The evidence upon the part of the State tends to prove that defendant drew his revolver and pointed the same, first at Elsworth, and then at Birchfield, at the time saying, "I will kill both of you G— d— s— of b—s." This was sufficient evidence to justify the submission of the case to the triers of the facts. It is true that defendant denied having a revolver on that occasion and denied that he made the above stated threatening remarks. But that at most presented to the jury the problem of determining from the conflict of evidence the true facts of the matter, and under such circumstances the action of the jury is final.

**Evidence: Question for Jury.**

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.